**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES                    ) No. 9-209
                                      )
        v.                           )

ROBERT PAWLOWSKI

### OPINION AND ORDER

In this action, a jury convicted Defendant of one count of violating 18 U.S.C. 2422(b). He was sentenced on September 30, 2010, to 121 months imprisonment. The United States Court of Appeals affirmed his conviction. Presently before the Court is Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255, as well as a companion Motion to Vacate, and various other Motions relating to his Section 2255 claims. For the following reasons, Defendant's Motions to Vacate will be denied; his miscellaneous Motions, other than his Motion for Leave to File Excess Pages, will likewise be denied.

### OPINION

## I. APPLICABLE STANDARDS

### A. 28 U.S.C. § 2255

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States

v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.[1]

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motion according to these standards.

**B. Ineffective Assistance of Counsel**

Under applicable standards, Defendant must meet a two-pronged test: "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different." Rolan v. Vaughn, 445 F.3d 671, 681 (3d Cir. 2006). To meet the first prong, a defendant must first show that counsel's performance fell below "the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689.

To meet the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the

---

[1] Accordingly, Defendant's Motion for an Evidentiary Hearing will likewise be denied, and justice does not require the appointment of counsel.

law entitles him." Id. at 844.   Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993).   A court need not consider both components of Strickland, if there is an insufficient showing on the other. Strickland, 466 U.S. at 697.   If a claim fails either prong, it cannot succeed. Id.

## II. DEFENDANT'S MOTION

Presently, Defendant claims that counsel was ineffective for several reasons.  First, he catalogs various tactical or strategic decisions that he feels were erroneous.  These allegations range broadly from counsel's stipulation to the admissibility of "chats" that the Government presented; counsel's failure to investigate his mental health history, which might have been relevant to the case; counsel's failure seek or present psychiatric testimony about Defendant's tendency to commit the crime charged; to counsel's failure to object to the fact that the Court and its staff paid attention to computers, rather than the testimony, during trial.  Overall, Defendant claims, counsel was not knowledgeable about the law or the facts.   Defendant also suggests that counsel's status as the employer and landlord of Plaintiff's brother resulted in counsel's failures with Defendant's case.

I have carefully considered each of Defendant's contentions – including those not specifically recounted herein – along with the trial record and the parties' submissions.  Having done so, I conclude that there is no reasonable probability that absent counsel's conduct, the outcome of trial would have been different.  Again, speculation will not suffice.  For example, as the Government points out, Defendant has not demonstrated that the "chats" would have been excluded absent counsel's stipulation.   Moreover, there is no indication that counsel's conduct fell below the wide range of professionally competent assistance.  There are multiple strategic

and tactical explanations for each of the challenged acts or omissions. Decisions in trial strategy are to be afforded appropriate deference; it is not the Court's role to second-guess such decisions, absent a fundamental defect. Further, counsel is required only "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Zomber v. United States, 2007 U.S. Dist. LEXIS 19616, at *8 (E.D. Pa. March 20, 2007). Here, there is no indication that counsel did otherwise.

In sum, the alleged errors simply are not the type of contemplated by Strickland. "Only a 'rare claim' of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Gray, 878 F. 2d at 710. Defendant has not presented one of those rare claims. I note, too, that several of Defendant's complaints – such as institutional prejudice due to the nature of his crime – are not remediable via Section 2255.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

**ORDER**

AND NOW, this 15th day of May, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Exceed Page Limit [92] is GRANTED, and all of his submissions were considered in connection with the foregoing Opinion.

His Motions to Vacate [91, 96] are DENIED, and no certificate of appealability shall issue. His Motion to appoint counsel and for an evidentiary hearing [94, 95] are DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court